**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EAGLE PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>APOTEX INC., AND APOTEX CORP.,<br><br>Defendants. | C.A. No. 24-64-JLH |
| EAGLE PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SLAYBACK PHARMA LLC,<br><br>Defendant. | C.A. No. 24-65-JLH |
| EAGLE PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BAXTER HEALTHCARE CORPORATION,<br><br>Defendant. | C.A. No.: 24-66-JLH |

## PROTECTIVE ORDER

Plaintiff Eagle Pharmaceuticals, Inc., Defendant Apotex Inc., Defendant Apotex Corp.,

Defendant Slayback Pharma LLC, and Defendant Baxter Healthcare Corporation assert that they

possess confidential information in the form of trade secrets or other confidential and proprietary

business, research, development, financial, personal and/or technical information related to the

subject matter of the above-captioned litigation. The parties recognize that it may be necessary to

disclose certain of the asserted confidential information during the course of this litigation. As a result, the parties desire to limit disclosure and prevent use of such information for any purposes other than the prosecution and defense of this litigation. In addition, the parties contemplate that non-parties may produce confidential information. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties, by and through their respective undersigned counsel, hereby stipulate and agree to the request for, and entry of, the following Protective Order (hereinafter, "Order").

1.    **DEFINITIONS**

(a)    *Confidential Information*: The term "Confidential Information" shall mean any Discovery Material designated by a Producing Party as CONFIDENTIAL that the Producing Party claims in good faith constitutes, contains, reveals, relates to, or reflects information (i) that the Producing Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, (ii) that the Producing Party believes in good faith is significantly sensitive, or (iii) protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

(b)    *Highly Confidential Information*: The term "Highly Confidential Information" shall mean any Discovery Material designated by a Producing Party as HIGHLY CONFIDENTIAL that the Producing Party claims in good faith constitutes, reveals, relates to, or reflects information that contains highly sensitive financial or strategic information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.

(c)    *Discovery Material:* The term "Discovery Material" shall mean any Document (as defined below), material, item, testimony, or thing filed with or presented to the Court or produced, served, or generated during the discovery process, including, for example, exhibits,

2

answers to interrogatories, responses to requests for admissions, responses to requests for production, subpoenas, declarations, affidavits, and deposition testimony or transcripts, and all copies, extracts, summaries, compilations, designations, and portions thereof.

(d)     *Document:* The term "Document" shall mean every means of recording any form of communication or representation upon any tangible thing, including letters, numbers, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk, CD-ROM or any other form of electronically stored information, and all other tangible things which come within the meaning of "writing" contained in Rule 1001 of the Federal Rules of Evidence, or within the meaning of "document" or "tangible thing" contained in Rule 34 of the Federal Rules of Civil Procedure.

(e)     *Producing Party:* The term "Producing Party" shall mean any party to these actions or any third party, including its counsel, retained experts, directors, officers, employees, business partners, or agents, who produces any Discovery Material.

(f)     *Receiving Party:* The term "Receiving Party" shall mean any party to these actions, including its counsel, retained experts, directors, officers, employees, business partners, or agents, who receives any Discovery Material in this action.

(g)     *Scope:* The scope of this Order shall be understood to encompass not only Confidential Information or Highly Confidential Information which is expressly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, respectively, but also any information derived therefrom, including all copies, excerpts, and summaries thereof, whether partial or complete, as well as testimony and oral conversations which reveal all or part of that information. Further, information that becomes available to any party via inspection, measuring, analyzing, or testing

3

of any sample or thing designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant

to this Order, or which is prepared or derived by utilizing information designated as

CONFIDENTIAL or HIGHLY CONFIDENTIAL and supplied under this Order, shall be

considered CONFIDENTIAL or HIGHLY CONFIDENTIAL, as the case may be, under this

Order.

## 2.    PROCEDURE FOR DESIGNATING MATERIALS

Documents, information, materials, pleadings, legal memoranda, expert statements, and

discovery responses, in whole or in part, may be designated as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL" as follows:

(a)      In the case of Documents or any other tangible thing produced, designations shall

be made by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each

page of the document or on the cover or in a prominent place on any other tangible thing prior to

production of the document or tangible thing;

(b)      In producing original files and records for inspection, no marking need be made

by the Producing Party in advance of the inspection;

(c)      In the case of deposition testimony and transcripts or portions thereof, designation

shall be made by the Producing Party either (i) on the record during the deposition, in which case

the portion of the transcript of the designated testimony shall be bound in a separate volume and

marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the reporter, or (ii) by

captioned, written notice to the reporter and all counsel of record, given within fourteen (14)

days after the reporter sends written notice to the deponent or the deponent's counsel that the

transcript is available for review, in which case all counsel receiving such notice shall be

responsible for marking the copies of the designated transcript or portion thereof in their

possession or control as directed by the Producing Party or deponent. Pending expiration of the

ME1 49641575v.1

fourteen (14) days, all parties and, if applicable, any third-party witnesses or attorneys, shall treat the deposition transcript as if it had been designated "HIGHLY CONFIDENTIAL." No person shall attend the designated portions of such depositions unless such person is an authorized recipient of Confidential Information or Highly Confidential Information under the terms of this Order or the parties agree to such person's attendance.

(d)     When a party wishes to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" its own materials produced by someone else, such designation shall be made: (i) within fourteen (14) days from the date that the party requesting the designation receives copies of such materials from the producing or disclosing entity; and (ii) by written notice to all parties to this action and to the producing party, if such party is not a party to this action, and identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material). Such notice may be provided by e-mail. The parties receiving such materials agree to treat them as "HIGHLY CONFIDENTIAL" materials under this Protective Order until expiration of said fourteen (14) day period or until designation is made as set forth above within said fourteen (14) day period.

3.     **CONTESTING THE DESIGNATION**

(a)     No party to this action shall be obligated to challenge the propriety of any designation by any Producing Party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designation.

(b)     Any party may contest a claim of confidentiality. Any party objecting to the designation of any Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" must give outside counsel of record for the Producing Party written notice of its reasons for the objection. Failing resolution after service of the written notice of its reasons for the objection, the

5

party objecting may, on a duly noticed motion, seek an order changing or removing the designation. In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality, i.e., the Producing Party, but information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be deemed as such until the matter is resolved.

4.      **RESTRICTION ON DISCLOSURE AND USE**

(a)      *Confidentiality.* Confidential Information or Highly Confidential Information and the information derived from such Confidential Information or Highly Confidential Information (excluding information that is derived lawfully from an independent source) shall be kept confidential, shall not be used for any purposes other than the prosecution and defense of this action and shall not be given, shown, made available, discussed, or otherwise communicated in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Order, subject to the provision in paragraph 21.

(b)      *Maintenance of Confidential Information.* Confidential Information and Highly Confidential Information shall be maintained by the Receiving Party at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Order.

(c)      A Producing Party is free to do whatever it desires with its own Confidential Information or Highly Confidential Information.

(d)      For the avoidance of doubt, nothing in this Order shall permit any Receiving Party to give, show, make available, discuss, or otherwise communicate in any manner Confidential Information or Highly Confidential Information produced by any Producing Party in its respective above-captioned action to any party in a different action without permission of the Producing Party.  Notwithstanding the foregoing, to the extent necessary to facilitate the filing

6

and/or service of documents containing, and the conduct of proceedings involving, more than one Producing Party's Confidential Information or Highly Confidential Information, such information may be included, and the document or transcript containing more than one Producing Party's Confidential Information or Highly Confidential Information shall be labeled as "Highly Confidential Outside Counsel's Eyes Only -- Contains [Confidential/Highly Confidential] of [Producing Parties]."[1]

5.    **ACCESS TO CONFIDENTIAL INFORMATION**

(a)    Confidential Information shall be available only to the following persons subject to the terms of Paragraph 6:

(i)    One approved in-house Personnel of a party.  The party shall identify their proposed in-house Personnel by written notice to each other party at least five (5) business days before receiving any disclosure of Confidential Information. The notice shall include the in-house Personnel's title or position and shall include a signed Acknowledgement of Protective Order, which is attached as Exhibit A. "Personnel" shall include only (i) in-house counsel or other employee who have primary responsibility for this litigation and (ii) do not have competitive decision making authority for or direct oversight of sales and marketing or otherwise substantively participate in client decisions (such as pricing and product design) that are made in light of similar or corresponding information about a competitor with respect to any bendamustine dosage form.  If the need arises, a party may replace an in-house Personnel entitled to receive Confidential Information with another of its in-house Personnel with notice of the replacement to the opposing party.

---

[1] Pursuant to the Court's oral ruling on August 20, 2024, claim construction briefs may not contain any Defendants' Confidential or Highly Confidential Information. If any party believes there is good cause to include such information, such party must seek leave from the Court prior to the service of any claim construction brief.

(ii)    Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, clerks, secretaries, contract attorneys, IT personnel, and clerical personnel;

(iii)    Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this action is pending or qualified court reporters;

(iv)    Approved consultants or experts and their clerical staff, excluding employees, officers or directors of a named party or owners of more than a two-percent interest in a named party, retained by any of the parties or their counsel to consult or testify in the case;

(v)    Authors or drafters; addressees; anyone who received the documents or information prior to the commencement of this action; or anyone who received the document or information during this action but only if they obtained the document or information independently and outside of this action and not in violation of this Order; anyone who is a current employee of the Producing Party; and anyone who is a previous employee of the Producing Party provided that the Confidential Information or Highly Confidential Information is shared with the previous employee of the Producing Party only during a deposition or during an evidentiary proceeding taken in this action.

(vi)    Litigation support consultants engaged to provide services relating to document processing, indexing, scanning, imaging or storage, translation, interpretation, demonstrative exhibits, graphics, charts, animations, design services, and/or non-technical trial services, provided they acknowledge that they will abide by this Order by signing the attached Acknowledgement. Where a company or firm is retained for such litigation support services, it shall be sufficient for purposes of this Order that a representative of such company or firm sign the attached Acknowledgement on behalf of the company or firm. Such representative shall be

8

responsible for ensuring that any employee, consultant, or representative of that company or firm who receives Confidential or Highly Confidential information abides by the provisions of this Order;

   (vii)  Court reporters and videographers taking testimony involving information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL and necessary stenographic and clerical personnel thereof;

   (viii)  Trial consulting services retained by a party in this action, provided they acknowledge that they will abide by this Order by signing the attached Acknowledgement. Where a company or firm is retained for such trial consulting services, it shall be sufficient for purposes of this Order that a representative of such company or firm sign the attached Acknowledgement on behalf of the company or firm. Such representative shall be responsible for ensuring that any employee, consultant, or representative of that company or firm who receives Confidential or Highly Confidential information abides by the provisions of this Order;

   (ix)  Persons who have been retained by a party to provide translation or interpretation from one language to another, provided they acknowledge that they will abide by this Order by signing the attached Acknowledgement.  Where a company or firm is retained for such trial consulting services, it shall be sufficient for purposes of this Order that a representative of such company or firm sign the attached Acknowledgement on behalf of the company or firm. Such representative shall be responsible for ensuring that any employee, consultant, or representative of that company or firm who receives Confidential or Highly Confidential information abides by the provisions of this Order;

   (x)  Mock judges or jurors retained by a party in this action, excluding individuals who are officers, directors, or employees of a named party, or owners of more than a

two-percent interest in a named party, provided they acknowledge that they will abide by this

Order by signing the attached Acknowledgement;

(xi)     Any other person authorized to receive Confidential Information or Highly

Confidential Information by order of the Court or by written agreement of the parties.

(b)     Material produced and marked as Highly Confidential Information may be

disclosed only to individuals identified in Paragraphs 5(a)(ii) – (xi), and to any other persons as

counsel for the Producing Party agrees in advance or as otherwise Ordered by the Court.

## 6.     CONDITIONS ON ACCESS TO CONFIDENTIAL INFORMATION

(a)     *Consultants and Experts*. Prior to a party giving, showing, disclosing,

making available or communicating Confidential Information or Highly Confidential

Information to any expert or consultant under Paragraphs 5(a)(iv) above, the party shall:

(i)     Serve a notice on all other parties, identifying the expert or consultant and

the expert's or consultant's business address, business telephone numbers, present employer and

position (along with a job description), consulting activities and job history for the past three

years, and past or present relationship, if any, with any parties in the above-captioned action and

their affiliates. Furthermore, the most recent curriculum vitae or resume of the expert or

consultant shall be provided under this section. If the most recent curriculum vitae or resume of

the expert or consultant provides the information required under this paragraph, then the

information need not be separately provided.

(ii)     Include with such notice, a copy of the Acknowledgment of Protective

Order, in the form shown in Exhibit A, which is attached hereto, signed by the expert or

consultant and including all the information to be completed therein. The notified parties shall be

entitled to object to disclosure of Confidential Information or Highly Confidential Information to

the expert or consultant within five (5) business days after receipt of the Acknowledgment of

10

Protective Order by stating specifically in writing the reasons why such expert or consultant should not receive Confidential Information or Highly Confidential Information.

(iii)      If the parties are unable to agree on disclosure to the expert or consultant, the party objecting to such expert or consultant may apply to the Court for an order that disclosure is improper within ten (10) business days of its objection. The burden of establishing the validity of such written objections rests with the objecting party. If the objecting party does not apply to the Court within the prescribed period, the objection shall be deemed withdrawn.

(iv)      No disclosure of Confidential Information or Highly Confidential Information shall be made to the proposed expert or consultant until the time for serving objections to that expert or consultant has passed, or, in the event that a written objection is timely served and a motion to prevent disclosure is filed, until such time as the Court has made a ruling thereon, and then, only in accordance with such ruling.

(v)      The filing and pendency of objections shall not limit, delay, or defer any disclosures of Confidential Information or Highly Confidential Information to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the level of confidentiality bears directly on the objecting party's ability to conduct such discovery.

(b)      *Patent Prosecution.* Any attorney for or representing any Party, whether in-house or outside counsel, and any person associated with any Party and permitted to receive Confidential and/or Highly Confidential Information pursuant to Paragraph 5 herein, including any in-house Personnel, who obtains, receives, has access to, or otherwise learns, in whole or in part, Confidential and/or Highly Confidential Information under this Order shall not prepare, prosecute, supervise, or substantively assist in the drafting or amending of patent claims in any

11

patent application pertaining to bendamustine, including dosage forms thereof, or the disclosed Confidential and/or Highly Confidential information during the pendency of this case and for one year after the conclusion of this litigation, including any appeals. Any attorney for or representing any Party, whether in-house or outside counsel, and any person associated with any Party and permitted to receive Confidential and/or Highly Confidential information pursuant to Paragraph 5 herein, who obtains, receives, has access to, or otherwise learns, in whole or in part, Confidential and/or Highly Confidential information under this Order shall not amend, draft, or otherwise substantively assist in the drafting or amending of patent claims in any post-grant proceeding (e.g., reexamination, post-grant review ("PGR") or inter partes review ("IPR") proceedings, nullity proceedings, etc.) pertaining to bendamustine, dosage forms thereof, or the disclosed Confidential and/or Highly Confidential information during the pendency of this case and for one year after the conclusion of this litigation, including any appeals. Nothing herein shall prohibit an individual from participating, supervising, or assisting with respect to any post-grant proceeding (or appeals therefrom), so long as that individual does not participate in any claim amendments. Any attorney for or representing any Party, whether in-house or outside counsel, and any person associated with any Party shall not directly or indirectly use and/or disclose Confidential and/or Highly Confidential Information to any individuals involved in drafting, amending, or prosecuting patent claims pertaining to bendamustine or dosage forms thereof. The foregoing restrictions of this Paragraph 6(b) shall apply only to individuals, and not to the firms or organizations by which they are employed, nor to individuals who received access to Confidential Information or Highly Confidential Information solely in their capacity as clerical staff. Nothing in this paragraph shall be construed as a waiver of the other provisions of

12

this Order, including but not limited to those provisions restricting the use and disclosure of Confidential and/or Highly Confidential Information.

(c)     *Activities at the U.S. Food and Drug Administration ("FDA")*.  For the length of this action plus two (2) years after final termination, including any appeals, any attorney for or representing a Party, whether in-house or outside counsel, and any person associated with a Party who is permitted to receive Confidential and/or Highly Confidential Information pursuant to Paragraph 5 herein, who obtains, receives, accesses, or otherwise learns, in whole or in part, Confidential and/or Highly Confidential Information under this Order shall not provide assistance for, or participate in, any proceedings before the FDA or the United States Pharmacopoeia (including, without limitation, citizens petitions) regarding any applications of another Party or a third party as described in sections 505(b)(1), 505(b)(2) or 505(j) that refer or relate to any bendamustine product. Notwithstanding the foregoing , any attorney for or representing a Party, whether in-house counsel or outside counsel, and any person associated with a Party who is permitted to receive Confidential and/or Highly Confidential Information pursuant to Paragraph 5 herein, who obtains, receives, accesses, or otherwise learns, in whole or in part, Confidential and/or Highly Confidential Information under this Order shall not be precluded from providing assistance for, or participating in, any proceedings before the FDA or the United States Pharmacopoeia (including, without limitation, citizens petitions) regarding a Party's own NDA, ANDA, or equivalent foreign application.

(d)     *Authorization and Acknowledgment.* Counsel for the Receiving Party shall keep in his or her files a copy of each Acknowledgment of Protective Order executed by an individual required to execute an Acknowledgement prior to receipt of the Producing Party's Confidential

Information or Highly Confidential Information until sixty (60) calendar days after the final termination of this action.

**7.      PROCEDURES FOR FILING PAPERS WITH CONFIDENTIAL INFORMATION**

Confidential Information or Highly Confidential Information may be included with, or referred to in, papers filed with the Court where this case is now pending or in any other court only in accordance with the following procedures:

(a)      Both Confidential Information and Highly Confidential Information must be filed under seal. Counsel for all parties shall follow all applicable local rules and customs for the Court when filing Confidential Information or Highly Confidential Information under seal.

(b)      All papers filed with the Court, including but not limited to pleadings and memoranda of law, which include, in their entirety or in part, any Confidential Information or Highly Confidential Information must be filed under seal in accordance with the terms and procedures set forth in this Order, including the procedures for filing materials set forth above in Paragraph 7(a). Counsel for the party filing papers with Confidential Information or Highly Confidential Information shall be responsible for appropriately designating the papers filed with the Court as having Confidential Information or Highly Confidential Information. Such papers shall be subject to the terms of this Order.

**8.      REDACTED FILINGS OF PAPERS WITH CONFIDENTIAL INFORMATION**

Redacted versions of papers with Confidential Information or Highly Confidential Information filed under seal may be filed with the Court in accordance with normal procedures and made publicly available provided that:

(a)      All Confidential Information and/or Highly Confidential Information set forth in the papers is deleted or obscured; and

14

(b)      Redacted versions of the papers are clearly marked "Public Version Confidential Material Omitted." Redacted versions of the papers also must clearly identify each place where information or exhibits have been deleted.

## 9.      UNINTENTIONAL FAILURE TO DESIGNATE

The inadvertent failure by a producing party to designate specific documents or materials as containing Confidential Information or Highly Confidential Information shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials. If, through inadvertence, a Producing Party provides any Confidential Information or Highly Confidential Information pursuant to this litigation without designating and marking the Confidential Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL, the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Confidential Information, and the Receiving Party shall treat the disclosed Confidential Information or Highly Confidential Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL upon receipt of written notice from the Producing Party, to the extent the Receiving Party has not disclosed this Confidential Information or Highly Confidential Information. Disclosure of such Confidential Information or Highly Confidential Information to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Order. However, in the event the material has been distributed in a manner inconsistent with the categorical designation, the Receiving Party will take the reasonable steps necessary to conform distribution to the categorical designation, i.e., by retrieving all copies of the Confidential Information or Highly Confidential Information, or notes or extracts thereof, in the possession of the persons not authorized under this Order to possess such Confidential Information or Highly Confidential Information and advising the person to whom disclosure was made that the material is confidential and should be treated as provided in

the Order. For purposes of this provision, all failures to designate that a Party claims were

inadvertent shall be deemed to be inadvertent.

## 10.    DISCLOSURE OF PRIVILEGED INFORMATION

(a)    Notwithstanding anything to the contrary in FED. R. CIV. P. 26(b)(5)(B), the

inadvertent production or disclosure of any document or tangible thing (including information)

that should have been withheld subject to a claim of attorney-client privilege or work product

immunity, or other privilege or immunity, shall in no way prejudice or otherwise constitute a

waiver of, or estoppel as to, any claims of privilege or work product immunity. In such an event,

the Producing Party shall send to each receiving party a written request for return of the

inadvertently produced or disclosed document or thing within five (5) business days after

becoming aware of such inadvertent or mistaken production. Within five (5) business days of

receiving a written request to do so from the Producing Party, the Receiving Party shall: (a)

destroy or return to the Producing Party any documents or tangible items that the Producing

Party represents are covered by a claim of attorney-client privilege or work-product immunity, or

other privilege or immunity, and were inadvertently or mistakenly produced; and (b) destroy any

extra copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced

information, including any electronic records thereof. If the Receiving Party destroys the

documents or tangible items in question, the Receiving Party shall notify the Producing Party

that it has done so within the five (5) business-day window described above. The Receiving

Party shall not utilize the information contained in the inadvertently produced documents or

things for any purpose, or disseminate or transmit such information.

(b)    If the Receiving Party wishes to contest that any such document or thing is

protected from disclosure by the attorney-client privilege, work product immunity or other

privilege or immunity from discovery, it shall so notify the Producing Party in writing of its

16

contention when the document or thing is returned to the Producing Party or destroyed ("Notice of Designation").

(c)        Within five (5) days after receiving a Notice of Designation, the Producing Party shall provide to the Receiving Party for each document or thing a description of the basis for the claim of privilege or immunity.

(d)        Within five (5) days after receiving such description, the Receiving Party may seek relief from the Court to compel production of such documents and things, the protection of which is still disputed, in accordance with the procedures set forth in the Court's Scheduling Order for resolution of discovery disputes. The party claiming the privilege or immunity shall have the burden of proving that such privilege or immunity exists.

(e)        With respect to documents and things subsequently generated by a receiving party, which documents and things contain information derived from such inadvertently produced documents and things, if the Receiving Party does not notify the Producing Party that the Receiving Party disputes the claims of attorney-client privilege or work-product immunity, or if the Court rejects any challenge by the Receiving Party to the privileged status of the inadvertent production, the Receiving Party shall either destroy the derivative documents and things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

(f)        If, in a deposition, hearing, or other proceeding the party who made the inadvertent production or disclosure makes a request on the record for return of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time after recognizing that the information has been produced or disclosed, all copies of the inadvertently produced or disclosed document or thing present at the deposition, hearing, or other proceeding

17

shall immediately be sequestered and there shall be no further use of the inadvertently produced or disclosed document or thing. For the avoidance of any dispute, the marking of an inadvertently produced or disclosed document or thing as an exhibit at deposition, hearing, or other proceeding has no bearing on the timeliness of the request for return. The procedures set forth in this paragraph for challenging the privileged status of an inadvertent production shall not result in any waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity.

For purposes of this provision, any disclosure of information that Party claims is privileged or subject to work product protections shall be deemed to be inadvertent.

## 11.  INFORMATION NOT COVERED BY THIS ORDER

The restrictions set forth in this Order shall not apply to information which is in the possession of or otherwise known to the Receiving Party or the public before the date of its transmission to the Receiving Party, or which lawfully comes into the possession of or becomes known to the Receiving Party or lawfully comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Receiving Party, provided that such information does not come into the possession of the Receiving Party or become publicly known by any act or omission which would be in violation of this Order, a similar Order with respect to another party, or any other duty of confidentiality.

## 12.  RESPONSIBILITY OF ATTORNEYS

Outside counsel of record shall be responsible for providing a copy of this Order to all persons entitled access to Confidential Information or Highly Confidential Information under Paragraph 5 and to employ reasonable measures to control duplication of, access to, and distribution of copies of materials so designated. No person shall duplicate any Confidential Information or Highly Confidential Information except, as contemplated by this Order, for use as

18

exhibits at depositions, in connection with court filings or, as necessary, by counsel, experts or consultants approved under Paragraphs 5 and 6 for use as working copies. All copies, extracts and translations must be appropriately marked and are subject to Paragraph 13 of this Order.

## 13.    FINAL DISPOSITION

Upon termination, settlement or final judgment of this litigation including exhaustion of all appeals, the originals and all copies of Confidential Information and Highly Confidential Information shall be either destroyed or turned over to the Producing Party, or to their respective outside counsel, within sixty (60) calendar days, except that a party is not obligated to return or destroy Confidential Information or Highly Confidential Information that may be contained on electronic back-up tapes or other archival media, which should be treated in accordance with standard retention policies, i.e., which are not retained indefinitely without being overwritten. Retained counsel also may retain pleadings, attorney and consultant work product, correspondence, and depositions for archival purposes. If Confidential Information or Highly Confidential Information is destroyed pursuant to this paragraph, outside counsel for the Receiving Party shall provide to outside counsel for the Producing Party a certification identifying when and how the destruction was performed.

## 14.    DISCLOSURE OF CONFIDENTIAL INFORMATION AT TRIAL OR PRE-TRIAL HEARINGS

Counsel shall confer with the Court regarding procedures to protect the confidentiality of any material marked, labeled, or otherwise designated CONFIDENTIAL or HIGHLY CONFIDENTIAL that a party or any of its witnesses may use, refer to, disclose, or admit into evidence during trial or any hearing in this Action.

ME1 49641575v.1

**15.      NO LIMITATION OF OTHER RIGHTS**

This Order shall be without prejudice to the right of any party to oppose production of any information on any and all grounds other than confidentiality.

**16.      RELEASE FROM OR MODIFICATION OF THIS ORDER**

This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Order, to determine whether a particular person shall be entitled to receive any particular information or to seek relief from inadvertent disclosure of privileged or work-product information. This Order does not preclude all of the parties to this Order from entering into any stipulation (in writing or on the record) constituting a modification of this Order. On any motion seeking disclosures beyond those authorized by this Order, the burden will be on the Receiving Party to justify the disclosure.

**17.      DISCOVERY FROM THIRD PARTIES**

If discovery is sought of a person not a party to this action (third party) requiring disclosure of such third party's Confidential Information or Highly Confidential Information, the Confidential Information and/or Highly Confidential Information disclosed by any such third party will be accorded the same protection as the parties' Confidential Information/Highly Confidential Information, and will be subject to the same procedures as those governing disclosure of the parties' Confidential Information/Highly Confidential Information pursuant to this Order.

**18.      ADMISSIBILITY**

Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding related to this matter. The marking of Confidential Information as CONFIDENTIAL or Highly Confidential Information as

20

HIGHLY CONFIDENTIAL pursuant to this Order shall not, for that reason alone, bar its introduction or use at any court proceeding related to this matter pursuant to such terms and conditions as the Court may deem appropriate, consistent with the need for a complete and accurate record of the proceedings; provided, however, that every effort shall be made, through the use of procedures agreed upon by the parties or otherwise, to preserve the confidentiality of Confidential Information marked as CONFIDENTIAL or Highly Confidential Information marked as HIGHLY CONFIDENTIAL.

**19.   NON-PARTY REQUEST/SUBPOENA OF CONFIDENTIAL INFORMATION**

If a Receiving Party receives a subpoena or other compulsory process from a non-party to this Order seeking production or other disclosure of a Producing Party's Confidential Information or Highly Confidential Information, that Receiving Party shall give written notice to outside counsel of record for the Producing Party within ten (10) business days after receipt of the subpoena or other compulsory process identifying the specific Confidential Information or Highly Confidential Information sought and enclosing a copy of the subpoena or other compulsory process. If written notice to the Producing Party must be provided by an earlier time to allow the Producing Party to timely seek a protective order, the Receiving Party must provide written notice by that earlier time. If the Producing Party timely seeks a protective order, the Receiving Party to whom the subpoena or other compulsory process was issued or served shall not produce the Confidential Information or Highly Confidential Information requested prior to receiving a Court order or consent of the Producing Party. In the event that Confidential Information and/or Highly Confidential Information is produced, other than by Court order, to the non-party in accordance with this provision, such material shall be treated as Confidential Information or Highly Confidential Information pursuant to this Order.

**20.     UNINTENTIONAL DISCLOSURE OF CONFIDENTIAL INFORMATION**

If Confidential Information, Highly Confidential Information, or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such Confidential Information or Highly Confidential Information, and to bind such person to the terms of this Order. In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Producing Party; and (c) request such person to execute the Acknowledgment of Protective Order in the form shown in Exhibit A.

**21.     COUNSEL'S RIGHT TO PROVIDE ADVICE**

Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's party-client with respect to this action, and in the course thereof, relying upon an examination of Confidential Information or Highly Confidential Information, provided, however that in rendering such advice and in otherwise communicating with the party-client, the counsel shall not disclose any Confidential Information or Highly Confidential Information to anyone not authorized to receive such Confidential Information or Highly Confidential Information pursuant to the terms of this Order.

**22.     DISCOVERABILITY OF EXPERT MATERIALS**

Discovery of communications between counsel and any independent expert retained or specially employed by that counsel for purposes of this litigation shall be limited to the factual information, analyses, documents, and/or data relied on by the expert in rendering the opinions expressed in an expert report or at trial. Except as otherwise provided herein, all communications between counsel and the expert relating to the process of preparing an expert report or developing opinions for trial, including all preliminary or draft reports, expert working papers,

22

notes, and communications relating thereto, shall be deemed exempt from discovery and use at trial.

**23.   NO CONTRACT**

To the extent that the parties have agreed on the terms of this Order, such stipulation is for the Court's consideration and approval as an Order. The parties' stipulation shall not be construed to create a contract between the parties or between the parties and their respective counsel.

**24.   EFFECTIVE DATE**

Documents that have been produced in this case on a confidential or highly confidential basis prior to the entry of this Order shall henceforth be subject this Order.

**25.   TERMINATION**

The termination of this action shall not automatically terminate the effectiveness of this Order and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the Producing Party agrees otherwise in writing or this Court (or any other court or competent jurisdiction) orders otherwise.

**26.   OTHER PROCEEDINGS**

By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

ME1 49641575v.1

27.     **LATHAM & WATKINS LLP RESTRICTION**

For the avoidance of doubt and notwithstanding anything to the contrary in this Order,

because Latham & Watkins LLP is not counsel of record in *Eagle Pharmaceuticals Inc. v.*

*Baxter Healthcare Corporation*, 24-cv-66 (D. Del.) (the "Baxter Action"), Confidential or

Highly Confidential information produced by Baxter in the Baxter Action shall not be given,

shown, made available, discussed, or otherwise communicated in any manner to Latham &

Watkins LLP, except as follows: Latham & Watkins LLP may receive Baxter Confidential or

Highly Confidential information solely as necessary to facilitate joint administration of these

cases, including (i) Latham & Watkins LLP may receive Baxter Confidential or Highly

Confidential information included in joint filings, discovery, and other joint materials; and (ii)

McCarter & English, LLP may share Baxter Confidential or Highly Confidential information

with Latham & Watkins LLP solely for the purpose of including Baxter Confidential or Highly

Confidential information in Eagle filings, discovery, reports, contentions, or other materials

submitted in all three cases.  For the avoidance of doubt, Latham & Watkins LLP cannot use

Baxter information adverse to Baxter. Further, Latham & Watkins LLP will not have access to

Baxter's document production database.

Dated: September 6, 2024

| | |
|---|---|
| **MCCARTER & ENGLISH, LLP** | **MORRIS JAMES LLP** |
| */s/ Daniel M. Silver* | */s/ Kenneth L. Dorsney* |
| Daniel M. Silver (#4758) | Kenneth L. Dorsney |
| Alexandra M. Joyce (#6423) | Cortlan S. Hitch |
| Maliheh Zare (#7133) | 500 Delaware Avenue, Suite 1500 |
| 405 N. King Street, 8th Floor | Wilmington, DE 19801 |
| Wilmington, DE 19801 | kdorsney@morrisjames.com |
| (302) 984-6300 | chitch@morrisjames.com |
| dsilver@mccarter.com | |
| ajoyce@mccarter.com | OF COUNSEL: |
| mzare@mccarter.com | |
| | Deepro R. Mukerjee |
| OF COUNSEL: | Lance A. Soderstrom |
| | KATTEN MUCHIN ROSENMAN LLP |
| Daniel G. Brown | 50 Rockefeller Center |
| Kelly A. Welsh | New York, NY 10020-1605 |
| LATHAM & WATKINS LLP | deepro.mukerjee@katten.com |
| 555 Eleventh Street, NW, Suite 1000 | lance.soderstrom@katten.com |
| Washington, DC 20004 | |
| (202) 637-2200 | Jitendra Malik |
| | Joseph M. Janusz |
| Kenneth G. Schuler | KATTEN MUCHIN ROSENMAN LLP |
| Marc N. Zubick | 550 South Tyron Street, Suite 2900 |
| Alex Grabowski | Charlotte, NC 28202 |
| LATHAM & WATKINS LLP | jitty.malik@katten.com |
| 330 North Wabash Avenue, Suite 2800 | joe.janusz@katten.com |
| Chicago, IL 60611 | |
| (312) 876-7700 | Christopher B. Ferenc |
| | KATTEN MUCHIN ROSENMAN LLP |
| *Attorneys for Plaintiff Eagle Pharmaceuticals Inc. in C.A. Nos. 24-64-JLH and 24-65-JLH* | 1919 Pennsylvania Avenue, NW Suite 800 |
| | Washington, DC 20006 |
| | Christopher.ferenc@katten.com |
| | |
| | Rachel L. Schweers |
| | KATTEN MUCHIN ROSENMAN LLP |
| | 525 W. Monroe Street |
| | Chicago, IL 60661 |
| | rachel.schweers@katten.com |
| | |
| | *Attorneys for Defendants Apotex Inc. and Apotex Corp.* |

ME1 49641575v.1

**SMITH KATZENSTEIN & JENKINS LLP**

*/s/ Daniel A. Taylor*

Daniel A. Taylor
Neal C. Belgam
1000 West Street, Suite 1501
Wilmington, DE 19801
Dtaylor@skjlaw.com
Nbelgam@skjlaw.com

OF COUNSEL:

Andrew Miller
Ajay Kayal
Connie Huttner
Robyn Ast-Gmoser
WINDELS MARX LANE &
MITTENDORF, LLP
One Giralda Farms
Madison, NJ 07940
amiller@windelsmarx.com
akayal@windelsmarx.com
chuttner@windelsmarx.com
rast-gmoser@windelsmarx.com

*Attorneys for Defendant Slayback Pharma
LLC*

**MCCARTER & ENGLISH, LLP**

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Maliheh Zare (#7133)
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com
mzare@mccarter.com

OF COUNSEL:

Wyley S. Proctor
MCCARTER & ENGLISH, LLP
265 Franklin Street
Boston, MA 02110
(617) 449-6529
wproctor@mccarter.com

*Attorneys for Plaintiff Eagle
Pharmaceuticals, Inc. in
C.A. No. 24-66-JLH*

**POTTER ANDERSON & CORROON LLP**

*/s/ Philip A. Rovner*

Philip A. Rovner (#3215)
P.O. Box 951
Wilmington, DE 19899
provner@potteranderson.com

OF COUNSEL:

Martin J. Black
Judah Bellin
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Martin.black@dechert.com
Judah.bellin@deckert.com

Amanda K. Antons
DECHERT LLP
35 W. Wacker Drive, Suite 3700
Chicago, IL 60601
Amanda.antons@dechert.com

Noah M. Leibowtiz
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Noah.leibowitz@dechert.com

*Attorneys for Defendant Baxter
Healthcare Corporation*

SO ORDERED this ___9th_____day of___September_____ 2024.

The Honorable Jennifer L. Hall
United States District Judge

27

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EAGLE PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> APOTEX INC., AND APOTEX CORP., <br><br> Defendants. | C.A. No. 24-64-JLH |
| EAGLE PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SLAYBACK PHARMA LLC, <br><br> Defendant. | C.A. No. 24-65-JLH |
| EAGLE PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BAXTER HEALTHCARE CORPORATION, <br><br> Defendant. | C.A. No.: 24-66-JLH |

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

I,_____ state that I have read and reviewed in its entirety the Protective Order ("Protective Order") that has been signed and entered in this matter.

I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective Order that I review or about

1

which I am told, to any person, entity, party, or agency for any reason, except in accordance with

the terms of the Protective Order.

I understand that contempt sanctions may be entered for violation of this Protective Order

and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of

the terms of this Protective Order.


DATED _____this day of_____,_____.

(Signature)

_____

2